# THE MILLER LAW OFFICE

**FLOYD J. MILLER, ESQUIRE**
16 Tavern Lane
Sicklerville, New Jersey 08081
Floyd.Miller10@outlook.com
FloydMiller902@gmail.com
856-388-7054

RECEIVED
JUN - 5 2023
NOEL L. HILLMAN
U.S. DISTRICT JUDGE

RECEIVED

May 27, 2023

### VIA REGULAR MAIL

Honorable Noel L. Hillman
Senior United States District Court
Mitchell H. Cohen U.S. Courthouse
One John F. Gerry Plaza
P.O. Box 2792
Camden, New Jersey 08101

     Re: United States v. Robert Smith
       ***Criminal Number 14-152***

Dear Judge Hillman;

  The purpose of this letter serves two purposes.

  First, I received an order from the Court of Appeals for the Third Circuit to prepare and file a status report in the Smith Criminal Appeal. I prepared the status report and filed it (a copy of which is attached.(See Exhibit #1).

  Second, this letter attempts to recap a few matters of importance which regards to the motion hearing which, heretofore, had been scheduled to be argued before the Court on May 15, 2023, but due to an unfortunate medical emergency which befell Attorney Justin Loughry on May 14, Mr. Loughry was hospitalized and placed in the ICU in a hospital in Cherry Hill, New Jersey. He managed to contact your courtroom deputy clerk and inform her about this matter. I traveled to

1

# THE MILLER LAW OFFICE

**FLOYD J. MILLER, ESQUIRE**
16 Tavern Lane
Sicklerville, New Jersey 08081
Floyd.Miller10@outlook.com
FloydMiller902@gmail.com
856-388-7054

the courthouse, out of an abundance of caution, because of my uncertainty as to how the court wanted to proceed. Your deputy clerk communicated with chambers. I was directed to write a short memo to the court.

I decided to wait for a period of time before writing this letter in order to obtain more information about Mr. Loughry. His medical condition might be serious. He previously had surgery and was rehabilitating in his home, but he may have been relasped in this effort. He contracted pneumonia which resulted in his hospitalization. I do not know the status of his medical condition as of the date of this letter. It is possible that Mr. Loughry has returned home, or he may still be in the hospital. I have not heard from him, his wife, or his paralegal. I will attempt to contact him within the next two weeks.

With regards to the Smith matter, I respectfully requests that the Court list this matter for a status conference within the next 60 to 90 days. By this time, Mr. Loughry may have returned home, but I am not sure. In any event, I am prepared to argue the motion on behalf of the defendant if the Court sets a firm date.

Since rejoining the defense team, Mr. Loughry and I had multiple telephone conversations and exchanged emails before he was readmitted to the hospital. We researched various legal issues, wrote, edited, and finalized 3 legal memoranda.

These tasks were time consuming since we were unable to meet in person and work together. Move over, I had to make multiple trips to the FDC and discuss our proposed memoranda with the defendant who wanted to ensure that his arguments were included.

During the past five months, from December 2022 through May 2023, I met with the defendant 8 times at the FDC. Conversing with co-counsel by phone and meeting with the defendant at the FDC has

# THE MILLER LAW OFFICE

**FLOYD J. MILLER, ESQUIRE**
16 Tavern Lane
Sicklerville, New Jersey 08081
Floyd.Miller10@outlook.com
FloydMiller902@gmail.com
856-388-7054

imposed an extraordinary hardship, at times, upon me in terms of communicating with both co-counsel, who was not available for "in person meeting" and time constraints when we did meet and visits with the defendant which generally lasted for about 2 hours per meeting. I did not document the times that I spent talking with co-counsel by phone and will not attempt to do so.

On Friday, May 12, 2023, I met with the defendant to prepare for the motion hearing on May 15, 2023. I was confronted with a new issue which pertains to the defendant. He had been moved to the Special Housing Unit (the SHU") in the prison. The event resulted from a physical encounter between the defendant and another inmate who the defendant contends suffered from mental illness. A fight occurred. Defendant Smith contends that the other inmate was the aggressor. In any event, the other inmates was injured and hospitalized.

On May 15, 2023, after leaving the federal courthouse in Camden, I return to the FDC in Philadelphia to inform the defendant about the reasons for the cancellation of the motion's hearing. I learned that the inmate, with whom Defendant Smith had a confrontation, had died. The FBI attempted to interview Defendant Smith. He refused to make a statement although he told me what occurred.

It is possible, depending on the facts of circumstances, that Defendant might be charged with some degree of manslaughter. From what I told, his conduct in the physical encounter does not appear to be murder in any degree. His conduct might be classified as self-defense which resulted in the death of an aggressor.

I decided to bring this matter to the Court attention since I assume you will learn about it in the future. Moreover, for professional and competency reasons, I concluded that I should inform the court regarding my awareness of this issue in lieu of being asked, for the first time, in open court when I next appear before your honor. My

# THE MILLER LAW OFFICE

**FLOYD J. MILLER, ESQUIRE**
16 Tavern Lane
Sicklerville, New Jersey 08081
Floyd.Miller10@outlook.com
FloydMiller902@gmail.com
856-388-7054

informing the court about this matter might be conduct that would not be universally approved by other defense counsel. I differ from this view based on the premise that you will learn about this issue even though it is not relevant to the present motion before the court.

I do not believe that the foregoing incident is relevant to the pending motion before the court, nor is it a matter that falls under the purview of the Criminal Justice Act. If charged with a crime, Defendant Smith will likely be prosecuted, if at all, in the Eastern District of Pennsylvania. I will not represent him in this matter.

I respectfully request that the court schedule a status conference within the next 60 to 90 days. I have a trial in September before Judge Sheridan which should last for about two weeks.

With regards to this case, I do not plan to make any additional visits with Mr. Smith until such time as we have a firm motion hearing date. As his defense counsel. For this reason, I anticipate filing a second interim request for payment within the next several weeks. However, until such time as the Court has ruled on the pending matter and the case is returned to the Third Circuit, I do not plan to file an any request for compensation under the CJA.

Respectfully submitted,

*/s/ Floyd J. Miller*
Floyd J. Miller, Esq.

cc: Molly Lorber, Esq.
    Assistant United States Attorney
    Criminal Division Chief
    District of New Jersey

**From:** CMECF_No_Reply@ca3.uscourts.gov
**Sent:** Wednesday, May 24, 2023 11:36 AM
**To:** floyd.miller10@outlook.com
**Subject:** 16-4301 USA v. Robert Smith "Clerk Order - Requesting Status"

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## Third Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 05/24/2023

**Case Name:** USA v. Robert Smith
**Case Number:** 16-4301
**Document(s):** Docket Entry #155

**Docket Text:**
ORDER (Clerk) directing the parties to file a status report within seven (7) days of the date of this Order. (PDB)

**Notice will be electronically mailed to:**

Mark E. Coyne
Justin T. Loughry
Floyd J. Miller
Steven G. Sanders

The following document(s) are associated with this transaction:
**Document Description:** Clerk Order Requesting Status
**Original Filename:** /opt/ACECF/live/forms/PamelaBatts_164301_5094497_order_inactive_310.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1107201326 [Date=05/24/2023] [FileNumber=5094497-0]
[8b5bfee6a35acdff2234f93d49d94cc851e74ab174dd0af136563f3a05ee3d55b90912ea48513ee840c97c
2656aa528e854b8594e523fcbff74f3e626b1bbc54]]
**Recipients:**

From: CMECF_No_Reply@ca3.uscourts.gov
Sent: Saturday, May 27, 2023 5:16 PM
To: floyd.miller10@outlook.com
Subject: 16-4301 USA v. Robert Smith "Status Report Filed"

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## Third Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 05/27/2023

**Case Name:** USA v. Robert Smith
**Case Number:** 16-4301
**Document(s):** Docket Entry #156

**Docket Text:**
ECF FILER: STATUS REPORT received from Appellant Mr. Robert Smith. Certificate of Service dated 05/27/2023. Service made by ECF. [16-4301] (FJM)

**Notice will be electronically mailed to:**

Mark E. Coyne
Justin T. Loughry
Steven G. Sanders
Floyd J. Miller

The following document(s) are associated with this transaction:
**Document Description:** Status Report Filed
**Original Filename:** Status Report.Third Circuitl.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1107201326 [Date=05/27/2023] [FileNumber=5096003-0]
[24fec086f639f6642661419b772fdf45c218bc84a9b114542234534e257221a893dd4fb599d38cbca4234f
bf5af8a990b398f0e5df49c4d8f0125fcff8c866f2]]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| United States of America | : | No. 164301 |
|---|---|---|
| | : | |
| | : | U.S. District Court No:1-14-cr-152-0001) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| Robert Smith | : | |

## STATUS REPORT

### I.  INTRODUCTION

Pursuant to an Order of The Court of Appeals for the Third Circuit, dated May 24, 2023, counsel for Defendant Robert Smith submits this status report regarding his pending criminal appeal.

### II.  BRIEF PROCEDURAL HISTORY

On December 9, 2016, Defendant Robert Smith filed a Notice of Appeals with the United States Court of Appeals for the Third Circuit. The defendant's appeal arose from his conviction by a trial jury and sentencing in the United States District Court for the District of New Jersey (*J. Hillman* presiding) *(dist. ct. docket entry # 146)*. Defendant Smith was sentenced to 360 months of imprisonment. The defendant has appealed both his conviction and sentence.

1



Exhibit #1

## III. DISCUSSION

Pending before the district court is a post-remand motion to compel additional discovery. Defendant Smith has argued, among other things, that that the Bureau of ATF violated its own policies and procedures when it chose an individual (*referred to in this report as "D.A."*) as its "point person" in choosing other individuals, including Defendant Smith, to participate in the robbery of a non-existent drug stash house which resulted in the arrest of all of the would-be robbers. Defendant Smith argues that if ATF had not chosen "D.A." (in violation of the agency's own protocol) he would not have been indicted in this case.

The essence of Defendant Smith's argument with respect to the selective enforcement issue is that the discovery, which should have been accorded to him pretrial, was insufficient because the discovery standard used in *selective prosecution cases* under *U.S. v. Armstrong*, 517 U.S. 456 (1996) was inapposite to his case. Instead, the standard referenced by the Third Circuit in *U.S. v. Askia Washington*, No. 16-2795 (August 28, 2017), is the discovery standard which should be used in "reversed-sting operation" cases. The rationale for the foregoing principle is that federal law enforcement agencies -- such as ATF, DEA and ICE when engaged in illegal firearms possession, straw purchase cases and trafficking or drug distribution cases -- often make reverse-sting targeting decisions without consulting with the

2

prosecutors who will present the case to the grand jury and a petit jury when, in doing so, the agents unwittingly violate rules of criminal procedure. These decision makers are generally special agents and their managers, some of whom might be attorneys, but who do not understand the implications of Rule 16 of the Federal Rules of Criminal Procedures and only a limited understanding of the constitutional requirements of *Brady* and *Giglio* with respect to federal criminal prosecutions which are two areas of the law in which litigation never ceases even among Supreme Court Justices.

In this case, the District Court's judgement of conviction and sentencing was remanded for further proceedings only as to the District Court's ruling on a selective enforcement claim. The Remand Order further stated that "[w]ith respect to the remainder of the appeal, the appeal will be held C.A.V." [1]

## IV. THE DISTRICT COURT'S REMAND DISCOVERY ORDER

On April 2, 2018, the District Court ordered, in part, that its November 9, 2015, order (*Doc. 75*) be, vacated with respect to Defendant's discovery motion relating to selective enforcement, Following the remand, the parties

---

[1] The initial C.A.V. is a short-hand reference for the Latin phrase ***curia advisari vult*** which means "the court wishes to be advised"), a term reserving judgment until some subsequent date. In a case under consideration, the effect of the order is that nothing is adjudged, and the court will relist the matter to deliver judgment buy may hear further argument.

3

filed briefs in the case regarding the quantum of discovery that the District Court should direct the prosecution to turn over to the defense.

The District Court issued a comprehensive post remand discovery order. (*Dist. Ct. Doc. Entry 177*). Due to the onset of COVID-19, a court hearing in this matter was continued several times. During this same time period, defense counsel Justin Loughry encountered health issues that forced his withdrawal from the case at bar. Undersigned counsel was appointed to replace Mr. Loughry.[2] The replacement with new counsel caused a further delay in securing a hearing on the adequacy of the post remand discovery and in finalizing a motion that prior counsel had started but did not complete.

Following a brief period of recuperation, Attorney Loughry rejoined the defense team although he has not completely recovered from medical challenge. Undersigned counsel will seek a 60-day continuance at the end of which a status conference will be held and a firm date for argument before the trial court will be established.

It is anticipated that this matter will be returned to the Court of Appeals for a final resolution of the defendant's appeal. While the Third Circuit and several other circuits have expressed concerns about the

---

[2] Undersigned counsel was appointed as lead defense counsel for Defendant Smith on August 26, 2022

4

constitutionality of reverse sting operations, such law enforcement techniques have not been affirmatively overruled.

Respectfully submitted,

*Floyd J. Miller*

_____
FLOYD J. MILLER
Counsel for Defendant Robert Smith

5